## N. Y. SUPERIOR COURT.

### NATHAN G. MILLER agt. R. H. PARKS *et al.*

*Arrest— When order of, will not be vacated on conflicting affidavits.*

Where the cause of action is identical with the ground of arrest the court will not vacate the order of arrest on conflicting affidavits.

Where the facts disclosed by the affidavits on both sides do not make a clear preponderance of evidence to show that the plaintiff cannot succeed in his action an order of arrest will not be vacated.

*Special Term, November,* 1883.

MOTION made by defendants to vacate order of arrest.

*Charles Reed,* for defendants.

*Henry S. Bennett* and *Adolphus D. Pape,* for plaintiff.

INGRAHAM, *J.* — This action is for a conversion of four hundred shares of stock which plaintiff claims he deposited with defendants as security or margin in certain speculations which defendants were conducting for him, but which defendants claim was deposited with them to be used as security for a loan of money for the payment of a certain amount then due defendants. It appeared by the affidavits of plaintiff in opposition to the motion which defendants in their refuting affidavits do not deny, that the defendants pledged the stock in question, not to raise the money they alleged was due them, but two hundred shares thereof, with other securities, were pledged for the sum of $52,000 which was largely in excess of any sum due defendants from plaintiff, and consequently plaintiff's stock was held as security for a sum of money borrowed by defendants for *their own use.*

This, I think, was an unlawful conversion of the plaintiff's stock by the defendants. Conceding that plaintiff subsequently authorized defendants to apply the proceeds of such stock over and above the amount due from plaintiff to their

Miller agt. Parks *et al.*

own use, *the proceeds of the stock would stand in the place of the stock sold.* It is not clear, therefore, admitting defendants statement to be true, that plaintiff would not be entitled to recover for a conversion.

But, after a careful examination of the affidavits, I do not think that the defendants have shown such preponderance of proof as would justify me in vacating the order of arrest, even under the rule as laid down by judge DANIELS in *Liddell* agt. *Paton* (7 *Hun*, 195).

That case, however, was an action in which an order of arrest was necessary to justify an execution against the person of the defendant, and consequently the cause of action was not identical with the grounds of arrest (*see opinion of Judge Daniels, p.* 198); and since that case was decided, the general term of the same court in *Welsh* agt. *Winterbaum* (14 *Hun*, 518), and the general term of the same court in the second department, in *Peck* agt. *Lombard* (22 *Hun*, 63), have decided that when the cause of action is identical with the ground of arrest the court will not vacate the order of arrest on conflicting affidavits.

The decision of the general term of this court in *Robbins* agt. *Falconer* (43 *Superior Court*, 370), was on the express ground that the cause of arrest was not identical with the cause of action, and that the judge in vacating the order of arrest did not pass upon any issues raised by the pleadings; and in *Bachman* agt. *Goldmark* (48 *Superior Court*, 549), an order denying a motion to vacate an order of arrest was affirmed on the ground that " the facts disclosed by the affidavits on both sides did not make a clear preponderance of evidence to show that the plaintiff could not succeed in his action."

This I think to be the true rule and, as on the trial of the action it is not clear that defendants will succeed, the motion to vacate the order of arrest should be denied.